STATE OF IOWA v. JOHN C. BEEDE, JR., Appellant.

**Intoxicating liquors:** PROCURING SAME FOR OTHERS: EVIDENCE. On a prosecution for procuring liquor for a person in the habit of becoming intoxicated it is proper to show that such person was unable to procure liquor for himself as a reason for securing it through another.

**Examination of witnesses.** The redirect examination of a party's own witness in the nature of cross-examination may properly be denied.

**Evidence of good character.** It is always permissible for one accused of crime to show his general good character, but he may not, as in this prosecution for obtaining liquor for one in the habit of becoming intoxicated, show the habits of such person as to intoxication, sobriety and industry.

**Procuring liquor for one in the habit of becoming intoxicated:** EVIDENCE. The evidence in this action is held sufficient to warrant conviction of defendant for the crime of procuring liquor for one in the habit of becoming intoxicated.

**Evidence:** IMPEACHMENT. The state is not bound by the evidence of a witness produced by it but may show a contrary state of facts by other witnesses.

*Appeal from Allamakee District Court.*—HON. L. E. FELLOWS, Judge.

WEDNESDAY, APRIL 5, 1911.

THE defendant was convicted of the crime of procuring intoxicating liquor for a person who was in the habit of becoming intoxicated. He appeals.—*Affirmed.*

*Stilwell & Stilwell,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for the State.

SHERWIN, C. J.—The defendant was indicted under section 2403 of the Code of 1897, which provides, in substance, that no person shall in any manner procure for, or sell or give any intoxicating liquors to, any intoxicated person, or to one in the habit of becoming intoxicated. The indictment charged that the defendant had procured and given to one G. G. Robbins intoxicating liquor, and that said Robbins was a person in the habit of becoming intoxicated. The defendant entered a plea of not guilty and was not himself a witness on the trial of the case. We refer to the fact that he was not a witness in his own behalf, because of the statement made in his argument that he admitted certain matters upon the trial, nor were any admissions made for him during the trial.

Robbins was a witness for the state and testified, over the objection of the defendant, that, at the time of the alleged transaction, he was unable to himself purchase liquor in any of the saloons in Waukon. The appellant argues that the admission of such testimony was error for which there should be a reversal of the judgment. We think the evidence was clearly competent as tending to show a reason for procuring another to purchase liquor for him. Of course, if a man were able to go into a saloon and himself buy all of the intoxicating liquor he wanted, there would be no occasion to have some one else procure it for him. The evidence was evidently not introduced by the state for the purpose of showing the habits of Robbins, though it may possibly have had some bearing on that question. But, in any event, it was competent along the line first suggested.

1. INTOXICATING LIQUORS: procuring same for others: evidence.

The defendant called witnesses in his behalf tending to show that Robbins was not a person in the habit of becoming intoxicated, and they so testified with more or less certainty. One of the witnesses testified that he had known Mr. Robbins a great

2. EXAMINATION OF WITNESSES.

many years, that he was not, to his knowledge, a person in the habit of becoming intoxicated, and that he had never seen him intoxicated. On his cross-examination the witness testified that he had never taken any particular notice of the habits of Mr. Robbins, nor watched him any closer than he had watched anybody else, and could not say how much he was drinking every day. On redirect examination, he was asked whether he was well enough acquainted with the people of the town to know what people were drinking and those who were not drinking, and an objection to that question was sustained, as was also an objection to a question asking him whether or not he would need to pay any particular attention to an individual to know whether or not he was in the habit of becoming intoxicated. Another one of the defendant's witnesses, on direct examination, was asked whether he would have known if Mr. Robbins was a person in the habit of becoming intoxicated. We think there was no error in either of these rulings. Both witnesses testified that, in their judgment, Mr. Robbins was not a person in the habit of becoming intoxicated, and the latter questions were in the nature of the cross-examination of defendant's own witnesses and had no tendency to strengthen the testimony which they had already given in his behalf. And, furthermore, the question called for the conclusions of the witnesses.

The defendant also says that he was not permitted to show good character in his defense. Of course, it is always permissible for the accused to show his general good character; but there was no attempt made in this case to do so. The questions asked the witnesses on character were as follows: "You may state what his (the defendant's) habits are as to intoxicating liquors, industry, etc." "You may state what you know of Mr. Beede in regard to being sober, industrious." Neither of these questions tended to show general good character, nor did they relate to any trait in-

3. EVIDENCE OF GOOD CHARACTER.

volved in this investigation. Beede was not on trial for being intoxicated or using intoxicating liquors.

The defendant's principal contention is that the evidence was insufficient as a whole to sustain the necessary finding that Robbins was, at the time of the alleged procurement of the liquor for him by the defendant, a person in the habit of becoming intoxicated. The evidence on the subject was conflicting, and it may be said that the larger number of witnesses testified that they had never seen or that they had never thought Robbins was in the habit of becoming intoxicated; but there was positive testimony that such was his habit, and we think, from a careful examination of the evidence, that it was a question for the jury.

4. Procuring liquor. for one in the habit of becoming intoxicated: evidence.

One or two of the witnesses called by the state testified that they did not know that Mr. Robbins was a man in the habit of becoming intoxicated, and the defendant says that the state should have been concluded by the testimony of such witnesses. But such is not the rule. While it is true that a party may not ordinarily impeach a witness that he has called, it does not follow that he is bound by all of the statements made by such witness. He may prove differently by other witnesses, and still not be open to the objection of attempting to impeach his own witnesses. Moreover, it is very often the case that the state in criminal trials is compelled to rely, to a greater or less extent, upon the testimony of hostile witnesses, and, if the rule contended for by appellant were to prevail, the state would often be very helpless.

5. Evidence: impeachment.

We find no error in the record that would justify a reversal of this judgment, and it must, therefore, be affirmed. The state filed an amendment of two pages to the appellant's abstract, and the appellant submits with the case a motion to strike the amended abstract because it is

unnecessary.   The motion is overruled.   The judgment is
*affirmed.*